**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-cr-00120 EMC (NC) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR BILL OF PARTICULARS** |
| v. | |
| EDUARDO ALVAREZ, and others, | Re: Dkt. Nos. 166, 180, 189 |
| Defendants. | |

In this prosecution under the Racketeer Influenced and Corrupt Organizations Act, the Violent Crimes in Aid of Racketeering Act, and other penal statutes, thirteen defendants move for a bill of particulars on the grounds that the superseding indictment is vague and does not adequately inform them of the charges. As explained below, the motions will be granted as to certain requests, but otherwise denied.

**BACKGROUND**

The superseding indictment in this case charges seventeen defendants, in nineteen counts, with a racketeering conspiracy. Dkt. No. 241. The alleged racketeering enterprise is the "19th Street Sureños, including its leadership, members, and associates, such as the members of the 16th Street Sureños . . ." *Id.* ¶ 13. The alleged conspiracy began "since at least the early 1990s" and continues to present. *Id.* ¶ 15. All seventeen defendants are

alleged to be members of the racketeering conspiracy. The superseding indictment also charges all defendants with conspiracy to commit murder in aid of racketeering (Count Two: 18 U.S.C. § 1959(a)(5)); and conspiracy to commit assault with a dangerous weapon in aid of racketeering (Count Three: 18 U.S.C. § 1959(a)(6)). Individual defendants are charged with murder, attempted murder, assault with a dangerous weapon, and various firearms offenses. Dkt. No. 241.

Discovery in this case has been referred to the undersigned magistrate judge. Dkt. No. 104. Without repeating the decided and pending discovery motions, the analysis of the motions for a bill of particulars is made with the Court's knowledge of the disclosures made and not made by the government in the case so far.

The motions before the Court were filed by defendants Jairo Hernandez and Carlos Vasquez. Dkt. Nos. 166, 180, 189. The motions were joined by the remaining defendants charged in the original indictment, except for defendant Weston Venegas. Dkt. No. 172. The defendants newly added in the superseding indictment, Miguel Ortiz, Antonio Castillo, and Marvin Cortez, have neither joined in nor opted out of the motions. Accordingly, this order applies only to defendants numbered 1-12 and 14 in the superseding indictment, specifically, Eduardo Alvarez a/k/a "Clumsy"; Elias Chavez a/k/a "Kiko"; Luis Cid-Salinas a/k/a "Lonely"; Ignacio Cruz a/k/a "Nacho"; Juan Carlos Garcia-Gomez a/k/a "Lil Ghost"; Jairo Hernandez a/k/a "Joker"; Orlando Carlos Hernandez a/k/a "Chisto"; Jusef Nathan a/k/a "Boo"; Rogelio Real a/k/a "Payaso"; Mario Serrano a/k/a "Caballo"; Alberto Torres a/k/a "Taz"; Carlos Vasquez a/k/a "Malo"; and Michael Viera a/k/a "Lil Rocks" a/k/a Rocks".

The Court heard argument on the motions on October 21, 2014, as to the original indictment. Dkt. No. 235 (transcript). On November 6, the grand jury returned the superseding indictment. Dkt. No. 241. In supplemental filings and at hearing on December 17, 2014, the thirteen moving defendants confirmed that they wished to proceed with their motion as against the superseding indictment. Dkt. Nos. 276, 278, 283. The government at the same December 17 hearing stated that it had no additional arguments in opposition to

14-cr-00120 EMC (NC)
ORDER ON BILL OF PARTICULARS              2

the motions. Accordingly, the Court applies the arguments made by the moving defendants and the government as to the charges in the superseding indictment.

## DISCUSSION

The indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Rule 7(f) provides that the court "may direct the government to file a bill of particulars." A bill of particulars is designed to "apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *U.S. v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). It is appropriate where an indictment is ambiguous such that a defendant needs clarification in order to prepare a defense. *Id.* In other words, the purpose of a bill of particulars is to clarify ambiguities in an indictment, not to serve as a replacement for discovery requests. *Id.*; *see also U.S. v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) ("[a] defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case"); *U.S. v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1979) ("full discovery obviates the need for a bill of particulars"). In deciding whether a bill of particulars is warranted, the district court is vested with "very broad discretion." *Will v. United States*, 389 U.S. 90, 99 (1967).

Judges in this district have addressed motions for bills of particulars in recent RICO cases. *E.g.*, *U.S. v. Cervantes*, No. 09-cr-0792 YGR, 2013 WL 3456876 (N.D. Cal. July 9, 2013) (granting in part and denying in part bill of particulars motion); *U.S. v. Ablett*, No. 09-cr-00749 RS, 2010 WL 3063145 (N.D. Cal. Aug, 3, 2010) (same); *U.S. v. Cerna*, No. 08-cr-0730 WHA (N.D. Cal. Sept. 16, 2009) (same).

The bulk of the information the defendants seek in this case falls within the following categories:

<u>Counts One, Two and Three</u> (Racketeering conspiracy; conspiracy to commit murder in aid of racketeering; conspiracy to commit assault with a dangerous weapon in aid of racketeering)

1. Dates the conspiracy began and ended and each defendant's role in the conspiracy.
2. Date each defendant joined the conspiracy, where, how, with whom, and words or conduct evidencing the agreement.
3. Details of the "multiple acts" of crimes constituting the pattern of racketeering activity, including who did what, when.
4. Details of when and how each defendant agreed that "a member of the conspiracy would commit at least two acts of racketeering activity," including by whom, where, and who was present. *See* superseding indictment, count 1 ¶ 16.
5. Details of acts committed during the conspiracy.

Counts Five, Six, and Seven (murder in aid of racketeering, victim 1; and use of firearm during the murder)

6. Theory of prosecution as against each defendant (such as, principal or aid and abet).
7. Details of time, place, and manner of alleged murder.

Remaining Counts (murder, attempted murder, and assaults with dangerous weapon, and use of a firearm during these offenses)

8. Details of time, place, and manner of each alleged offense. For example, defendant Elias Chavez requests details about the alleged shooter or shooters, where parties were located when shots were fired, who fired first, the emotional state of the alleged shooter, who said what to whom, the location of the shooting, and the angle of the shots. Dkt. No. 278.

Special Findings as to Vasquez and Hernandez

9. Who, where, when and how did Vasquez and Hernandez endanger someone, other than victim 1, such as to create a grave risk of death?
10. Detail the planning and premeditation in special finding paragraph 6.

In this case, as in the recent RICO cases from this district, the defendants' wish list

for information extends beyond the purposes of a bill of particulars.  But because the superseding indictment charges a conspiracy with a long and vague time period (since at least the early 1990s) and with a conspiracy that involves members of two affiliated organizations (the 16th and 19th Street Sureños), greater specificity is needed.

With respect to Counts 1, 2, and 3, the defendants' motion is GRANTED to the extent that the government is ordered to provide a bill of particulars clarifying *when* each defendant is alleged to have first joined each conspiracy.  As explained by Judge Alsup in the *Cerna* case, without knowing when each member is alleged to have joined the conspiracy, defendants cannot know the universe of conduct against which they must prepare a defense.  2009 WL 2998929, at *2.

With respect to Count 2, conspiracy to commit murder in aid of racketeering, and Count 3, conspiracy to commit assault with a dangerous weapon in aid of racketeering, the motion is GRANTED to the extent that the government must provide details of *who* was present at meetings in which murders, attempted murders, or assaults with dangerous weapons were discussed, *when* and *where* such meetings took place, *what* was said at the meetings, and *what* each defendant did or said to indicate participation in the conspiracy. *Id.* at *3.

With respect to the murder charged in Count 5 and the attempted murders charged in Counts 12, 13, 14, and 15, the motions are GRANTED to the extent that the government must specify its theory of prosecution as to each defendant.  Are they principals, and if so, on what variant of principal liability will the government rely?  *Id.* at *4.  Did they aid others who actually killed or attempted to kill the victims?  If so, the government must identify the accomplices.

Except as described above, the motions are DENIED, because the remaining charges are adequately described and defendants are not now entitled to the evidence they demand.

The government is ordered to provide to the moving defendants the bills of particular granted on or before January 16, 2015.

The Court recognizes that this order may require disclosure of events and witnesses

14-cr-00120 EMC (NC)
ORDER ON BILL OF PARTICULARS           5

that have previously been closely guarded because of witness safety concerns. Because of these legitimate witness safety concerns, the Court will consider a further protective order that would delay the identification of certain, specified witnesses until closer to trial. Any such delay, if permitted, would coincide with other pretrial deadlines to be set in the case. A protective order responsive to information compelled by this order must be proposed by the government by January 9, 2015.

IT IS SO ORDERED.

Date: December 19, 2014

Nathanael M. Cousins
United States Magistrate Judge