1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO ALVAREZ, and others,<br><br>Defendants. | Case No. 14-cr-00120 EMC (NC)<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO UNSEAL GOVERNMENT'S EX PARTE FILINGS MADE UNDER RULE 16(d)(1)**<br><br>Dkt. No. 202 |

In this racketeering conspiracy case, defendants move to unseal materials that were filed ex parte by the government in support of requests to defer certain discovery due to concerns about witness safety. Under Federal Rule of Criminal Procedure 16(d)(1), the Court may, for "good cause," deny, restrict, or defer discovery. "The court may permit a party to show good cause by a written statement that the court will inspect ex parte." Fed. R. Crim. P. 16(d)(1). If relief is granted, the Court must preserve the party's statement under seal. *Id.*

The statements at issue have been preserved under seal. Dkt. Nos. 101-103 and 306-307. Two of the government's ex parte filings were submitted on January 9, 2015, after the

1  briefing was complete on this motion.  The Court considers the motion to apply to all the ex

2  parte filings made in this case under Rule 16(d)(1).  According to the government, it

3  submitted the statements ex parte and under seal because immediate production of certain

4  cooperator and witness information would cause "grave concerns" regarding witness safety

5  and tampering.  Dkt. No. 207 at 3.

6      The moving defendants[1] acknowledge that Rule 16(d)(1) expressly permits ex parte

7  filings for the purpose of showing good cause to defer discovery, but urge the Court to

8  unseal these filings in the interest of due process.  At the core, defendants seek to confront

9  and, if appropriate, rebut the information presented to the Court ex parte.

10     There is no dispute that the right of a criminal defendant to an adversary proceeding is

11  "fundamental to our system of justice."  *United States v. Thompson*, 827 F.2d 1254, 1258

12  (9th Cir. 1987).  Justice is served best by forceful arguments from both sides.  *Id.*  In the

13  Ninth Circuit, there is a "strong presumption in favor of access to court records," including

14  filings in criminal proceedings.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

15  1135 (9th Cir. 2003); *CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 765 F.2d 823, 825

16  (9th Cir. 1985).

17     Despite these underlying principles, defendants cite to no case in which a court has

18  invalidated the ex parte procedure permitted by Rule 16(d)(1) or has unsealed an ex parte

19  statement submitted under that Rule.  On the other hand, numerous courts have allowed

20  Rule 16(d)(1) ex parte filings.  *See, e.g., United States v. Hamaker*, 455 F.3d 1316, 1328

21  n.11 (11th Cir. 2006); *United States v. Fort*, 472 F.3d 1106, 1131 (9th Cir. 2007) (Fletcher,

22  J. dissenting) (noting that the Rules Advisory Committee "specifically designed Rule

23  16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable

24  discretion to the district court in drafting orders under that rule."); and cases cited in the

25  government's brief, Dkt. No. 207 at 9.  Most persuasively within this District, Magistrate

26

27  _____

[1] Three defendants, Miguel Ortiz, Antonio Castillo, and Marvin Cortez, were added to the case by the Superseding Indictment after the motion to unseal was filed.  They have not joined or objected

28  to the motion.

14-cr-00120 EMC (NC)
ORDER DENYING MOTION                    2
TO UNSEAL

Judge Donna M. Ryu recently denied a similar defense request to unseal ex parte statements submitted under Rule 16(d)(1). *United States v. Antonio Gomez*, No. 13-cr-00282 PJH (DMR), Dkt. No. 60 (Jan. 21, 2014).

Magistrate Judge Ryu's analysis in *Gomez* applies with equal force to this case. Here, as there, the Court used the information submitted ex parte for the limited purpose provided under Rule 16(d)(1): to help determine whether certain witness discovery should be deferred. Moreover, the Court in other orders in this case has taken steps that will allow defendants to prepare a defense, such as by granting a motion for a bill of particulars, directing the production of an informant manual, and setting deadlines for various government pretrial disclosures. So the ex parte procedure permitted by Rule 16(d)(1) has resulted in a delay of certain discovery, but the government has established that immediate release of the information may result in witness intimidation, injury, or death.

The Court briefly addresses one statutory argument raised by defendants that was not addressed by Magistrate Judge Ryu in the *Gomez* case. Defendants urge that 18 U.S.C. §§ 1512-1514, which provide a process for obtaining protective orders for victims and witnesses, should be read to invalidate ex parte procedures under Rule 16(d)(1). The Court disagrees, as it finds neither textual nor case law support for the proposition that those statutes are an exclusive procedure for protecting witness safety.

In conclusion, the ex parte statements filed by the government in this case complied with Rule 16(d)(1). The Court has weighed the potential harm of delaying disclosure of certain witness information against the potential harm presented to witness safety by unsealing the statements. In balancing these potential harms, the Court is not persuaded that it should upset the procedure permitted by Rule 16(d)(1). The defendants' motion to unseal is therefore denied.

//

1   Any party may object to this order within the procedure and schedule previously set

2   by District Court Judge Edward M. Chen.  Dkt. No. 298.

3   IT IS SO ORDERED.

4   Date: January 16, 2015

    _____
    Nathanael M. Cousins
5   United States Magistrate Judge