**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO ALVAREZ, and others,<br><br>Defendants. | Case No. 14-cr-00120 EMC (NC)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR COMPLIANCE WITH FEDERAL RULES OF CRIMINAL PROCEDURE 12(b)(4)(B) AND 16; AND DEFENDANTS' MOTION RE: SCOPE OF REDACTIONS AND TIMING AND MODE OF DISCOVERY**<br><br>Dkt. Nos. 139, 145, 149, 150, 152, 153, 160, 161, and 200 |

## INTRODUCTION

This Order is intended to provide clarity to the parties on disputed discovery issues; to complement the case management plan set by District Court Judge Edward M. Chen; and to assure that each accused has the right to due process, effective assistance of counsel, and a fair trial. Discovery has been referred to the undersigned magistrate judge. Dkt. No. 104.

In the big picture, the Superseding Indictment charges seventeen defendants, in nineteen counts, with a racketeering conspiracy. Dkt. No. 241. The alleged racketeering enterprise is the "19th Street Sureños, including its leadership, members, and associates,

such as the members of the 16th Street Sureños . . ." *Id.* ¶ 13.  The alleged conspiracy began "since at least the early 1990s" and continues to present.  *Id.* ¶ 15.  All seventeen defendants are alleged to be members of the racketeering conspiracy.  All defendants have entered not guilty pleas and are presumed innocent.

Three defendants, Miguel Ortiz, Antonio Castillo, and Marvin Cortez, were added to the case by the Superseding Indictment on November 6, 2014.  Dkt. No. 241.  Those defendants were not in the case when the discovery issues raised in this Order were first raised and when the Court addressed them at hearings on August 27 and October 21, 2014.  Dkt. No. 235 (10/21/2014 transcript).

The parties on December 17, 2014, presented a thorough Case Management Statement that summarizes the status of the case.  Dkt. No. 282.  After the Case Management Conference on December 19, Judge Chen issued a scheduling order that sets, among other deadlines, briefs on any appeal of the undersigned Magistrate Judge's discovery orders (1/30/2015); hearing on trial grouping (2/27/2015); and motions to suppress (5/22/2015).  Dkt. No. 298.

The deadline for the government to produce discovery required by Rule 16 was December 19, 2014.  The parties contemplate that the first trial in this case will be October 19, 2015, but they have not yet set the trial groupings or the order in which the defendants will be tried.  Trial grouping is one of the case management topics that will be presented to the District Court at the next appearance.

With that background, the Court turns to the discovery issues in dispute.

## DISCOVERY ORDER

### I.   Rule 12(b)(4)(B) Disclosures

The defendants' earliest motion seeks an order for the government to comply with discovery required under Rule 12(b)(4)(B) and Rule 16.  Dkt. No. 139; joined by co-defendants in Dkt. Nos. 145, 149, 150, 152, 153, 160, and 161; opposed in Dkt. No. 156; reply in Dkt. No. 158.  Rule 12(b)(4)(B) provides that a defendant may at arraignment "or as soon afterward as practicable" request notice of the government's intent to use at trial

any evidence that the defendant may be entitled to discover under Rule 16. The purpose of this Rule is to provide defendants an opportunity to move to suppress evidence under Rule 12(b)(3)(C).

Here, the government does not oppose the motion, stating that it is "willing to provide the notice contemplated in defendants' motion." Dkt. No. 156. Yet the government feels the motion is premature, given the need to complete other discovery before focus can be made on evidence that will be the subject of a motion to suppress. *Id.*

Given that the Court has set a May 22, 2015, deadline for motions to suppress, any notice under Rule 12(b)(4)(B) must be reasonably before that date. Accordingly, the Court GRANTS the motion for disclosure under Rule 12(b)(4)(B) and orders the government to provide the notice as set forth in defendants' motion by March 16, 2015.

## II.     Timing and Mode of Discovery Not Yet Provided

Defendants next challenge the government's redaction of information from documents produced to the defense. Dkt. No. 200; opposition Dkt. No. 208; reply Dkt. No. 211; 10/21/2014 hearing transcript, Dkt. No. 235. In broad terms, the government asserts that it has redacted information that is not subject to disclosure or would pose an immediate danger to witness safety if produced. The government's redaction log is at Dkt. No. 167. The Court finds that the log adequately alerts defendants and the Court as to the grounds for the redactions.

The central question presented is not whether the government must disclose the information redacted, but when. The government proposes a further round of disclosure 30 days before each trial. The defendants request immediate disclosure subject to an attorneys' eyes only protective order. All parties have used as reference points the pretrial orders in other racketeering cases in this District, including *United States v. Cerna*, No. 08-cr-730 WHA, Dkt. Nos. 2374, 2704. In that case, Judge Alsup ordered disclosure of all Rule 16 discovery in unredacted form, including witness identifier information, five months before trial under an attorneys' eyes only protective order. At the hearing on this motion, the undersigned indicated a preliminary view that five months before trial seemed in the interest

of justice.

A secondary question is how to treat this deadline in light of the likelihood that there will be multiple trial settings over what might be a lengthy period of time. The Court resolves that question now.

The Court orders the government by May 19, 2015, to produce to all defendants' counsel, subject to an attorneys' eyes only protective order, all previously redacted Rule 16 discovery, in an unredacted form. In other words, even if the Court groups the trial into different phases, the May 19 deadline applies as to all defendants. The reason for setting a single deadline, rather than multiple deadlines, is common sense. Once the secret is out about the identity of witnesses, the practical ability of the government and Court to enforce a partial protective order is slim to none. Furthermore, the Court needs the flexibility to move trial dates and change groupings if need be. Having a single deadline for disclosure is the clearest and easiest to enforce approach. The witnesses will be on notice of the date and will have time to take any necessary preventative measures. On the other hand, with this deadline defendants will have sufficient time to prepare a defense using the previously redacted information.

Given this deadline, the Court will not impose some of the other interim approaches discussed at the hearing, such as requiring the government to assign a control number for each confidential witness. And the Court will not require the government to provide a further summary of the redacted information. And, finally, the Court will not require the government immediately to unredact case numbers and program identifiers, although the government must disclose that information, subject to protective order, by May 19.

Any party may object to this order within the procedure and schedule previously set by Judge Chen. Dkt. No. 298.

IT IS SO ORDERED.

Date: January 16, 2015

Nathanael M. Cousins
United States Magistrate Judge