ERIK BABCOCK (SBN 172517)
LAW OFFICES OF ERIK BABCOCK
717 Washington Street, 2d Floor
Oakland, CA 94607
Tel:     (510) 452-8400
Fax:     (510) 201-2084
erik@babcocklawoffice.com

Attorney for Defendant
EDUARDO ALVAREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-CR-001208-EMC |
| Plaintiff, | **EDUARDO ALVAREZ'S MOTION TO SET ASIDE AND CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| v. | |
| EDUARDO ALVAREZ, | |
| Defendant. | |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ........................................................................................................... 1

ARGUMENT ................................................................................................................ 2

I.       ALVAREZ'S CONVICTION UNDER SECTION 924(C) IS UNCONSTITUTIONAL
         AFTER *DAVIS* BECAUSE IT RESTED ON THE UNCONSTITUTIONALLY VAGUE
         RESIDUAL CLAUSE………………………………………………………….................... 2

         A.  RICO Conspiracy Qualifies As A Crime Of Violence Only Under The Residual
             Clause.................................................................................................................3

         B.  VICAR Conspiracy Also Qualifies As A Crime Of Violence Only Under The
             Residual Clause. ........................................................................................... 6

II.      THE RULE ANNOUNCED IN *DAVIS* APPLIES RETROACTIVELY ON
         COLLATERAL REVIEW................................................................................... 10

III.     ALVAREZ'S CLAIM IS COGNIZABLE UNDER SECTION 2255(A)............................ 12

IV.      THIS MOTION IS TIMELY UNDER 28 U.S.C. § 2255(F)(3). ......................................... 12

V.       THE COLLATERAL-ATTACK WAIVER IN ALVAREZ'S PLEA AGREEMENT IS
         UNENFORCEABLE. ........................................................................................... 13

VI.      THE COURT SHOULD CORRECT ALVAREZ'S SENTENCE BY ENTERING AN
         AMENDED JUDGMENT STRIKING THE UNLAWFUL SECTION 924(C)
         CONVICTION AND SENTENCE AND ORDERING VIERA RELEASED FOR
         TIME SERVED. ..................................................................................................... 14

CONCLUSION ...........................................................................................................15

VERIFICATION .........................................................................................................16

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                                       **<u>Pages</u>**

*Danforth v. Minnesota*,
     552 U.S. 264 (2008) ..............................................................................................................10

*Fay v. Noia*,
     372 U.S. 391 (1963) ..............................................................................................................15

*In re Franklin*,
     950 F.3d 909 (6th Cir. 2020) .........................................................................................10, 12

*In re Hammoud*,
     931 F.3d 1032 (11th Cir. 2019) ....................................................................................10, 12

*Johnson v. United States*,
     135 S. Ct. 2551 (2015) ..................................................................................................10, 12

*Johnson v. United States*,
     559 U.S. 133 (2010) ....................................................................................................... *passim*

*Leocal v. Ashcroft*,
     543 U.S. 1 (2004) ...................................................................................................................5

*McQuiggin v. Perkins*,
     569 U.S. 383 (2013) ..............................................................................................................14

*People v. Hernandez,*
     30 Cal. 4th 835 (2003) ...........................................................................................................8

*People v. Robinson*,
     43 Cal. 2d 132 (1954) ............................................................................................................8

*People v. Russo,*
     25 Cal. 4th 1124 (2001) .........................................................................................................8

*People v. Superior Court*,
     41 Cal. 4th 1 (2007) ...............................................................................................................8

*People v. Swain,*
     12 Cal. 4th 593 (1996) ...........................................................................................................7

*People v. Zamora*,
        18 Cal. 3d 538 (1976) ....................................................................................8

*Saffle v. Parks*,
        494 U.S. 484, 488 (1990)………………………………………………………10

*Salinas v. United States*,
        522 U.S. 52 (1997) .....................................................................................5, 6

*Schriro v. Summerlin*,
        542 U.S. 348 (2004) ...............................................................................10, 11

*Taylor v. United States*,
        495 U.S. 575 (1990) .....................................................................................4

*Teague v. Lane*,
        489 U.S. 288 (1989) ....................................................................................10

*Troiano v. United States*,
        918 F.3d 1082 (9th Cir.), *cert. denied*, 139 S. Ct. 2729 (2019) ...............................14

*United States v. Adams*,
        814 F.3d 178 (4th Cir. 2016) ..........................................................................13

*United States v. Addonizio*,
        442 U.S. 178 (1979) ....................................................................................12

*United States v. Banks*,
        514 F.3d 959 (9th Cir. 2008) ...........................................................................6

*United States v. Barron*,
        172 F.3d 1153 (9th Cir. 1999) ........................................................................14

*United States v. Baza-Martinez*,
        464 F.3d 1010 (9th Cir. 2006) ..........................................................................5

*United States v. Bibler*,
        495 F.3d 621 (9th Cir. 2007) ..........................................................................13

*United States v. Blackstone*,
        903 F.3d 1020 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019) ...............................10, 11

*United States v. Bowen*,
    936 F.3d 1091 (10th Cir. 2019) ...............................................................................10, 12, 13

*United States v. Bracy,*
    67 F.3d 1421 (9th Cir. 1995) ……………………………………………………………..6

*United States v. Brown*,
    415 F. Supp. 3d 901 (N.D. Cal. 2019) ...................................................................................14

*United States v. Cardenas*,
    Case No. 5:11-cr-00355-EJD-30, ECF No. 932 (N.D. Cal. Dec. 12, 2020) ...........................15

*United States v. Chimurenga*,
    760 F.2d 400 (2nd Cir. 1985) ……………………………………………………………4

*United States v. Davis*,
    139 S. Ct. 2319 (2019) ..................................................................... *passim*

*United States v. Davis*,
    785 F. App'x 358 (9th Cir. 2019) .....................................................................................3, 6

*United States v. Desena*,
    287 F.3d 170 (2d Cir. 2002) ..............................................................................................7

*United States v. Diaz*,
    176 F.3d 52 (2d Cir. 1999) .................................................................................................9

*United States v. Diaz-Ibarra*,
    522 F.3d 343 (4th Cir. 2008) .............................................................................................5

*United States v. Doe*,
    49 F.3d 859 (2d Cir. 1995) .................................................................................................4

*United States v. Fernandez*,
    388 F.3d 1199 (9th Cir. 2004) ...........................................................................................9

*United States v. Flack*,
    941 F.3d 238 (6th Cir. 2019) ...........................................................................................14

United States v. Fowler,
    794 F.2d 1146 (9th Cir. 1986) ……………………………………………………………..13

*United States v. Grajeda*,
        581 F.3d 1186 (9th Cir. 2009) ...................................................................5

*United States v. Jones*,
        935 F.3d 266 (5th Cir. 2019) ...............................................................3, 6

*United States v. Juvenile Male*,
        118 F.3d 1344 (9th Cir. 1997) ...................................................................4

*United States v. Lopez-Solis,*
        447 F.3d 1201 (9th Cir. 2006) ……………………………………………….5

*United States v. Loveland*,
        825 F.3d 555 (9th Cir. 2016) .....................................................................6

*United States v. Mendez*,
        992 F.2d 1488 (9th Cir. 1993) ...............................................................4, 9

*United States v. Mitchell*,
        905 F.3d 991 (6th Cir. 2018) ...................................................................14

*United States v. Moe*,
        781 F.3d 1120 (9th Cir.), *cert. denied*, 136 S. Ct. 342 (2015) ....................9

*United States v. Orena*,
        32 F.3d 704 (2d Cir. 1994) .........................................................................9

*United States v. Reece*,
        938 F.3d 630 (5th Cir. 2019) ...............................................................10, 12

*United States v. Riccardo,*
        54 Cal.4th 758 (2012) ……………………………………………………….8

*United States v. Saeturn*,
        Case No. 08-cr-00246 CW, ECF No. 276 (N.D. Cal. Mar. 13, 2020) ....................................15

*United States v. Scott*,
        642 F.3d 791 (9th Cir. 2011) .....................................................................4

*United States v. Torres*,
        828 F.3d 1113 (9th Cir. 2016) ...................................................................13

*United States v. Watson*,
    881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018) ..................................................5

*United States v. White,*
    571 F.3d 365 (4th Cir. 2009) ........................................................................................9

*United States v. Wilcox*,
    640 F.2d 970 (9th Cir. 1981) ......................................................................................12

*Welch v. United States*,
    136 S. Ct. 1257 (2016) ...............................................................................................11

*Whorton v. Bockting*,
    549 U.S. 406 (2007) ...........................................................................................10, 11

**Statutes**
18 U.S.C.
    § 924 ............................................................................................................. *passim*
    § 1959 ...........................................................................................................................1, 3
    § 1961 ...............................................................................................................................6
    § 1962 ...........................................................................................................................1, 2

28 U.S.C. § 2255 .....................................................................................................*passim*


**Cal. Penal Code**
    § 182 ...........................................................................................................................6, 7

**CALCRIM**
    No. 415 ............................................................................................................................7
    No. 563...............................................................................................................................7

**INTRODUCTION**

Eduardo Alvarez moves the Court to vacate and correct his conviction and sentence under 28 U.S.C. § 2255.

In a Judgment entered July 21, 2015, the Court committed Mr. Alvarez to the custody of the United States Bureau of Prisons for a total term of 156 months. This bulk of this term consisted of 96 months each for his racketeering conspiracy convictions under 18 U.S.C. § 1962(d)), assault in aid of racketeering under 18 U.S.C. § 1959(a)(3), and 36 months for conspiracy to commit assault under 18 U.S.C. § 1959(a)(6)), all to be served concurrently.   The court also imposed a 60-month mandatory consecutive sentence for Count Four, possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). (Dkt No. 512.)

The predicate acts for the 924(c) conviction were two conspiracy counts. Under the Supreme Court's recent decision in *United States v. Davis*, conspiracy offenses no longer qualify as "crimes of violence" that can support a section 924(c) conviction; the crime of conspiracy—a mere agreement to commit a crime—qualifies as a crime of violence only under section 924(c)(3)(B)'s unconstitutionally vague "residual clause." 139 S. Ct. 2319, 2336 (2019).   Accordingly, Alvarez's section 924(c) conviction and 60-month consecutive sentence violate due process of law. He respectfully asks the Court to grant this motion to vacate his unlawful section 924(c) conviction and correct his sentence. According to the Bureau of Prisons inmate locator, Mr. Alvarez has an estimated release date of March 28, 2025, which is less than the 60 month sentence erroneously imposed.   He should therefore be released immediately.

**BACKGROUND**

On November 6, 2014, the superseding indictment charged Alvarez and others with a RICO conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 2); conspiracy to commit assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6) (Count 3); use or possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) (A) and 2 (Count 4); and assault with a dangerous weapon in aid of racketeering, 18 U.S.C. §§   1959 (a)(3) and 2 (Counts 10 and 1. (ECF No. 241 at 40-41, 52-61, 62-63.) As to Count 4, the section

924(c) count, the superseding indictment charged that Alvarez and his codefendants used a firearm in furtherance of three offenses that the indictment charged were crimes of violence: the RICO conspiracy charged in Count 1 and the violent crimes in aid of racketeering conspiracies ("VICAR conspiracies") charged in Counts 2 and 3. (*Id.* at 60-61.)

Under the terms of a Rule 11(c)(1)(C) plea agreement, Alvarez agreed to plead guilty to Counts 1, 3, 4, 10, and 11.   The government agreed to move to dismiss the other pending counts at sentencing. As a factual basis for his guilty plea to Count 4, the section 924(c) offense, Mr. Alvarez agreed in the plea agreement that he:

> committed a crime of violence that may be prosecuted in a court of the United States, i.e., the racketeering conspiracy charged in Count One of the Superseding Indictment, or the conspiracy to commit assault with a dangerous weapon in aid of racketeering activity charged in Count Three.

Plea Agreement, Dkt No. 411, at p. 3.

## ARGUMENT

Under 28 U.S.C. § 2255(a), a defendant is entitled to resentencing when his original conviction or sentence was imposed "in violation of the Constitution or laws of the United States," or "in excess of the maximum authorized by law."   Alvarez is entitled to relief on both of these grounds under *United States v. Davis*, 139 S. Ct. 2319 (2019), because his section 924(c) conviction and the resulting sentence are illegal under the Constitution.

## I.    Alvarez's Conviction Under Section 924(c) Is Unconstitutional After *Davis* Because It Rested On The Unconstitutionally Vague Residual Clause.

Alvarez's conviction and sentence under section 924(c) were based on section 924(c)'s residual clause.   In *Davis,* the Supreme Court held the residual clause to be unconstitutionally void for vagueness. *See Davis*, 139 S. Ct. at 2336. Alvarez's plea agreement clearly set forth that the predicate crimes of violence for his 924(c) conviction was "aid[ing] and abet[ting] the possession and carrying of firearms in furtherance of and during conspiracies charged in Counts One and Three." (ECF No. 411.)   Count One charged racketeering conspiracy under 18 U.S.C. § 1962(d), and Count Three charged conspiracy to commit assault with a dangerous weapon in aid of racketeering under 18

U.S.C. § 1959(a)(6).

Those conspiracy charges—RICO conspiracy and VICAR conspiracy—are crimes of violence only under section 924(c)(3)(B), the unconstitutionally vague residual clause. Simply put, conspiracy offenses—which require only an agreement to commit a crime and possibly an overt act—do not satisfy the constitutionally valid "elements clause" of section 924(c)(3)(A) because the mere agreement to commit a crime does not require any use, attempted use, or threatened use of force. Just as the Supreme Court in *Davis* vacated a section 924(c) conviction in which the predicate offense was conspiracy to commit Hobbs Act robbery, so too the Court here must vacate Alvarez's section 924(c) conviction predicated only on conspiracy offenses.

**A.     RICO Conspiracy Qualifies as a Crime of Violence Only Under the Residual Clause**

Since *Davis* was decided, two courts of appeals have vacated section 924(c) convictions where the underlying predicate offense was RICO conspiracy. First, the Ninth Circuit did so in *United States v. Davis*:

> Here, [the defendant] was convicted of violating § 924(c) for possessing or carrying a firearm in furtherance of a "crime of violence"—namely, a RICO conspiracy. There is no real dispute that [the defendant]'s § 924(c) conviction depended upon the statute's now-unconstitutional residual clause. We accordingly vacate his conviction and remand for full resentencing.

785 F. App'x 358, 360-61 & n.2 (9th Cir. 2019).

Second, in a case before the Fifth Circuit, the government conceded that RICO conspiracy does not qualify as a crime of violence that can support a section 924(c) conviction after *Davis*. *See United States v. Jones*, 935 F.3d 266, 269-70 (5th Cir. 2019). The Fifth Circuit agreed with the parties and, like the Ninth Circuit, vacated the defendants' section 924(c) convictions because RICO conspiracy was not a crime of violence after *Davis*. *See id.* at 274.

The basis for the holdings of the Ninth and Fifth Circuits is clear. Prior to *Davis*, the Ninth Circuit had long held that RICO conspiracy was a crime of violence under section 924(c)'s residual clause when the predicate racketeering activity that the defendant agreed should be committed was itself a crime of violence. *E.g., United States v. Scott*, 642 F.3d 791, 801 (9th Cir. 2011) (affirming

district court's conduct in "look[ing] behind the RICO [conspiracy] conviction and consider[ing] the underlying predicate offenses in determining whether [the defendant's RICO conspiracy] offense qualified as a crime of violence" (citing *United States v. Juvenile Male*, 118 F.3d 1344, 1350 (9th Cir. 1997))). In *Juvenile Male*, for example, the court reasoned that "a conspiracy to commit an act of violence is an act involving a 'substantial risk' of violence." 118 F.3d at 1350 (quoting *United States v. Mendez*, 992 F.2d 1488, 1490 (9th Cir. 1993), and citing *United States v. Chimurenga*, 760 F.2d 400, 404 (2d Cir. 1985), and *United States v. Doe*, 49 F.3d 859, 866 (2d Cir. 1995)); *see also Doe*, 49 F.3d at 866 (concluding that RICO conspiracy to commit robbery is a crime of violence because "the nature of the conspiracy's substantive objective . . . provide[s] an indication as to whether the conspiracy creates the substantial risk that physical force against the person or property of another may be used in the offense"). The *Juvenile Male* court concluded that the RICO conspiracy charge in that case satisfied the identical residual clause of the Juvenile Delinquency Act₁ because the predicate activity of Hobbs Act robbery was itself a crime of violence. 118 F.3d at 1350.

But now, after *Davis*, RICO conspiracy cannot qualify as a crime of violence under the residual clause, and Alvarez's predicate conviction for RICO conspiracy cannot support his section 924(c) conviction and sentence. *See Davis*, 139 S. Ct. at 2336.

Nor can Alvarez's conviction and sentence under section 924(c) be salvaged under the still constitutional elements clause, section 924(c)(3)(A); his conviction for RICO conspiracy does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To determine whether a predicate offense qualifies as a "crime of violence" under section 924(c), this Court must use the categorical approach, focusing only on the elements of the offense, not the defendant's actual conduct. *See Davis*, 139 S. Ct. at 2329-32. Indeed, under the Supreme Court's categorical approach, only the statutory definitions—i.e., the elements—of the predicate crime are relevant to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a "crime of violence." *Taylor v. United States*, 495 U.S. 575, 599-601 (1990).

Determination of whether a criminal offense is categorically a crime of violence is done by "assessing whether the 'full range of conduct covered by [the statute] falls within the meaning of that

term.'" *United States v. Grajeda*, 581 F.3d 1186, 1189 (9th Cir. 2009) (citation omitted). To do this, courts must look "at the least egregious end of [the statute's] range of conduct." *United States v. Baza-Martinez*, 464 F.3d 1010, 1014 (9th Cir. 2006) (quoting *United States v. Lopez- Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006)). Under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, "including the most innocent conduct, qualifies as a 'crime of violence.'" *United States v. Diaz- Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) (citing *Taylor*, 495 U.S. at 599-601). If the statute punishes some conduct that would qualify as a crime of violence and some conduct that would not, it does not categorically constitute a crime of violence. *Grajeda*, 581 F.3d at 1189.

To be a categorical match to the terms of the elements clause in section 924(c), a predicate offense must require, among other things, proof of violent, physical force. "Physical force" has the meaning given to it by the Supreme Court's 2004 decision in *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004), and its 2010 decision in *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Curtis Johnson*"). In *Leocal*, the Supreme Court held that the phrase "physical force" requires a "violent, active crime." 543 U.S. at 11. The *Curtis Johnson* Court expanded on that definition, holding that the phrase "physical force" in the Armed Career Criminal Act's ("ACCA's") almost identical elements clause defining "violent felony" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140 (emphasis in original). The Ninth Circuit has applied *Curtis Johnson*'s rule in the context of section 924(c). *See, e.g., United States v. Watson*, 881 F.3d 782, 784 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018).

Alvarez's RICO conspiracy conviction is not categorically a crime of violence under the elements clause because RICO conspiracy does not have as an element the use, threatened use, or attempted use of any force. In a prosecution for a *substantive* RICO offense, the government must prove "(1) the conduct (2) of an enterprise [engaged in, or the activities of which affect, interstate or foreign commerce] (3) through a pattern of racketeering activity." *Salinas v. United States*, 522 U.S. 52, 62 (1997). A "pattern of racketeering activity" "requires at least two acts of 'racketeering activity,'" which, in turn, is defined to include "murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . .

. , which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. §§ 1961(1)(A), (5). In a RICO *conspiracy* prosecution, however, the government must prove only that a defendant "knew about and agreed to facilitate the scheme" of racketeering activity. *Salinas*, 522 U.S. at 66. "There is no requirement of some overt act or specific act" in a RICO conspiracy case. *Id*. at 63. Thus, "[t]he RICO conspiracy provision . . . is even more comprehensive than the general conspiracy offense in [18 U.S.C.] § 371." *Id.*

Because the RICO conspiracy statute only requires a showing that the defendant agreed to violate the RICO statute, and does not require the government to demonstrate that the defendant or anyone else involved in the conspiracy committed an overt act in furtherance of the conspiracy *or took any action at all*, it does not have as an element the use, attempted use, or threatened use of force, let alone the use, attempted use, or threatened use of violent, physical force. *See id.*; *see also United States v. Loveland*, 825 F.3d 555, 557 (9th Cir. 2016) ("Conspiracy means an agreement to commit a crime, not commission of the crime."). For that reason, RICO conspiracy cannot qualify as a crime of violence under the elements clause, as the Ninth and Fifth Circuits have held. *See Davis*, 785 F. App'x at 360 & n.2; *Jones*, 935 F.3d at 269-70.

**B.     VICAR Conspiracy Also Qualifies as a Crime of Violence Only Under the Residual Clause**

Like RICO conspiracy, VICAR conspiracy, as charged in Count 3, also no longer qualifies as a crime of violence after *Davis*. VICAR conspiracy cannot qualify as a crime of violence under the elements clause because, as a conspiracy offense, it does not have as an element the use, threatened use, or attempted use of violent physical force.   The VICAR conspiracy charged in Count 3 is conspiracy to commit assault with a dangerous weapon, in violation of California Penal Code §§ 245(a)(1) and 182. (*See* ECF No. 1 at 47-48.) The VICAR elements are: "(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendant committed a violent crime; and (4) that [the defendant] acted for the purpose of promoting [his] position in a racketeering enterprise." *United States v. Banks*, 514 F.3d 959, 964 (9th Cir. 2008) (alterations original) (quoting *United States v. Bracy*, 67 F.3d 1421, 1429 (9th Cir. 1995)). The first, second, and fourth elements of VICAR do not require any force be employed at all. *See id.* Only the

6

third element might plausibly qualify as requiring violent physical force. But the third element here—the so-called "violent crime"—requires proof that the defendant committed conspiracy to commit murder or conspiracy to commit assault with a dangerous weapon, both under California law.   (*See* ECF No. 1 at 48.) So, as charged here, the so-called "violent crime" element of the Count 3 VICAR charge is only a conspiracy offense, not a substantive violent crime.

Whether state or federal law governs the elements of a VICAR *conspiracy* to violate a state statute is an open question. *See, e.g., United States v. Desena*, 287 F.3d 170, 177 n.1 (2d Cir. 2002) ("Although the government may rely on either state or federal law to establish a predicate *substantive crime*, it is unclear whether § 1959 imports state law of attempt and conspiracy or whether federal law governs." (emphases amended)). But whether the elements of California or federal conspiracy law control, conspiracy to commit assault with a dangerous weapon cannot qualify as a crime of violence under the elements clause because conspiracy—California or federal—does not require proof of any use, threatened use, or attempted use of violent physical force. *Cf. id.* (declining to resolve choice-of-law issue because it was not dispositive). In prosecutions for criminal conspiracy under *California* law, juries are instructed that to find a defendant guilty, the prosecution must prove (1) the defendant intended to agree and did agree with another person to commit a crime; (2) at the time of the agreement, the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would commit the crime; (3) the defendant or one or more of the other alleged members of the conspiracy committed at least one overt act to accomplish the crime; and (4) the overt act was committed in California. CALCRIM No. 415 (Conspiracy to Commit Murder); *see also* Cal. Penal Code § 182 (authorizing conspiracy liability for crimes in violation of California law); *People v. Swain*, 12 Cal. 4th 593, 600 (1996) (outlining elements of California criminal conspiracy); CALCRIM No. 563 (outlining materially identical elements in jury instruction specific to conspiracy to commit murder). None of these elements requires violent force, or any force at all.

The only element that even requires any action beyond "agreement" and "intent" is the overt-act requirement. In California, however, overt acts need not be forceful or violent. "[O]vert acts need not be in themselves criminal in nature so long as they are done in pursuance of the conspiracy. Nor

is it necessary that the purpose of the conspiracy be fully accomplished." *People v. Robinson*, 43 Cal. 2d 132, 139-40 (1954) (citations omitted). Instead, an overt act is merely "an outward act done in pursuance of the crime and in manifestation of an intent or design, looking toward the accomplishment of the crime." *People v. Zamora*, 18 Cal. 3d 538, 549 n.8 (1976) (citations omitted). A defendant facing a conspiracy-to-commit-assault charge could be convicted of that crime after he or she, or any co-conspirator, took such nonviolent, nonforceful conduct as meeting with other co-conspirators; attempting to recruit more coconspirators; withdrawing money in order to give it to a co-conspirator; giving money to a coconspirator; obtaining a weapon, supplies, or getaway vehicle; conducting surveillance; or driving to the place where the co-conspirators planned to commit the murder or assault.

For example, in *People v. Russo*, the California Supreme Court affirmed the conspiracy-to-commit murder conviction of a defendant whose indictment charged the following overt acts, none of which involved the use, attempted use, or threatened use of physical force (let alone violent physical force) against another:

> (1)Morris asked Plantz if he knew anyone who would kill David; (2) defendant gave Andrews David's handgun; (3) Andrews and defendant asked Hayes to help them kill David; (4) defendant told Hayes she would pay him whatever he asked if he would help kill David; (5) Andrews gave Hayes $100 after he and defendant asked him to help kill David; (6) defendant contacted Andrews after David went to sleep the night of the killing; (7) Andrews and Morris went to the Russo house that night; (8) defendant let Andrews and Morris into the house; (9) defendant let Andrews and Morris into the bedroom of her sleeping husband David[.]

25 Cal. 4th 1124, 1130 (2001).

Likewise, in *People v. Hernandez*, the California Supreme Court affirmed the conviction of a defendant charged with the following nonviolent, nonforceful overt acts: "defendant met with Alfredo Padilla and Brenda Prado on the night of January 4-5, 1988, [and] . . . at the meeting he agreed to kill Esther Alvarado in exchange for drugs." 30 Cal. 4th 835, 861-62 (2003), *disapproved of on other grounds by People v. Riccardi*, 54 Cal. 4th 758 (2012); *see also People v. Superior Court*, 41 Cal. 4th 1, 11 (2007) ("Had Decker struck an agreement with and paid earnest money to a real hired killer, he could have been prosecuted for conspiracy to commit murder[.]"); *United States v. Fernandez*, 388 F.3d 1199, 1225 (9th Cir. 2004) (affirming RICO conspiracy conviction based on

predicate act of California conspiracy to commit murder where overt act committed by co-conspirator was "follow[ing] Turscak's wife home on the freeway in order to determine where the Turscaks lived").

While such actions no doubt raise the risk that someone will use force—sufficient to have supported a finding that conspiracy to commit assault was a predicate offense under the residual clause—they do not have, as an element, the use, threatened use, or attempted use of physical force. *See Curtis Johnson*, 559 U.S. at 140 ("[V]iolent force [is] force capable of causing physical pain or injury to another person." (emphasis in original)). Indeed, as noted above, this is precisely why federal courts have consistently held that conspiracy to commit a violent offense qualifies as a crime of violence only under the residual clause. *See, e.g., Mendez*, 992 F.2d at 1492 ("[C]onspiracy to commit a crime of violence is a 'crime of violence' under the substantial risk definition of § 924(c)(3)(B) or its equivalent." (citation omitted)). But because a defendant need not use or attempt to use any force, let alone violent force, in order to be guilty of VICAR conspiracy to commit assault under California law, such a conviction does not qualify as a crime of violence under the elements clause.

Further, under *federal* conspiracy law, the government is not even required to prove an overt act in the VICAR context. *See United States v. Diaz*, 176 F.3d 52, 96 (2d Cir. 1999); *United States v. Orena*, 32 F.3d 704, 714 (2d Cir. 1994). Thus, under federal conspiracy law, the only elements of a murder conspiracy are (1) an agreement to engage in criminal activity, and (2) the requisite intent to commit the substantive crime. *See, e.g., United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir.), *cert. denied*, 136 S. Ct. 342 (2015). But, as noted above, neither agreeing to commit a crime nor possessing the requisite intent to commit the underlying crime entails the use, threatened use, or attempted use of violent physical force. *See, e.g., United States v. White*, 571 F.3d 365, 368-69 (4th Cir. 2009). Thus, federal conspiracy, like California conspiracy, cannot qualify as a crime of violence under the elements clause because it does not require any violent force.

In sum, both RICO conspiracy and VICAR conspiracy qualify as crimes of violence only under the residual clause of section 924(c)(3)(B), which is void for vagueness after *Davis*. Alvarez's section 924(c) conviction and sentence are therefore illegal and violate due process, and must be

9

vacated. Moreover, his conviction and sentence cannot be saved based on the elements clause because conspiracy offenses do not require the use, attempted use, or threatened use of any force at all, let alone violent physical force as required by *Curtis Johnson*.

**II.     The Rule Announced in *Davis* Applies Retroactively on Collateral Review**

A Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" constitutional rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). *See Danforth v. Minnesota*, 552 U.S. 264, 266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive or watershed rules of criminal procedure] must be applied in . . . all federal habeas corpus proceedings."); *Teague v. Lane*, 489 U.S. 288, 316 (1989) (plurality op.) (holding that new rules must "be applied retroactively to *all* defendants on collateral review through one of the   two exceptions we have articulated" (emphasis in original)).

The rule announced in *Davis* was both "new" and "substantive." Under the *Teague* framework, a rule is "new" if it "was not *dictated* by precedent existing at the time the defendant's conviction became final." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (emphasis in original) (quoting *Saffle v. Parks*, 494 U.S. 484, 488 (1990)). Here, *Davis*'s rule that the residual clause of section 924(c)(3)(B) is unconstitutionally vague was not dictated by precedent that existed when Alarez's conviction became final in 2015. Indeed, all four circuits to have considered the issue have ruled that *Davis* is a new rule that applies retroactively on collateral review. *See United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019) ("We first conclude that the Supreme Court's ruling in *Davis* that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review."); *see also In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (same); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) (same); *In re Hammoud*, 931 F.3d 1032, 1038-39 (11th Cir. 2019) (same).

That *Davis* announced a "new" rule is confirmed by the Ninth Circuit's decision in *United States v. Blackstone*, 903 F.3d 1020, 1025 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). In *Blackstone*, the defendant filed a section 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Samuel Johnson*"), seeking to overturn his sentence under the mandatory Sentencing Guidelines, and his section 924(c) conviction and sentence. *See Blackstone*, 903 F.3d at 1022-23. As

10

relevant here, Blackstone argued that in *Samuel Johnson*, the Supreme Court had "recognized a new right" that applied to his challenge to his section 924(c) conviction and sentence, which he claimed were based on section 924(c)'s residual clause. *See id.* The Ninth Circuit rejected Blackstone's contention, concluding that the scope of the right initially recognized in *Samuel Johnson* was limited only to those challenging their sentences under the ACCA, and that Blackstone's claim challenging his section 924(c) conviction was therefore untimely under 28 U.S.C. § 2255(f)(3), because the right he was asserting had not yet been "initially recognized by the Supreme Court." *See id.* at 1024-29.

As the Ninth Circuit held in *Blackstone*, "[*Samuel*] *Johnson* did not announce a new rule that is applicable to" section 924(c)(3)(B). *Id.* at 1028. Thus, because *Samuel Johnson* did not compel the conclusion that the residual clause of section 924(c) was void for vagueness, the rule announced in *Davis* was not dictated by existing precedent. Accordingly, the rule announced in *Davis* is a "new" rule. *See Whorton*, 549 U.S. at 416. Likewise, *Davis* also announced a "substantive" rule that applies retroactively on collateral review. Substantive rules include rules that "narrow the scope of a criminal statute by interpreting its terms," or "alter[] the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 351-53. Here, the Court's ruling in *Davis* narrowed the scope of liability for criminal defendants charged under section 924(c) by no longer allowing convictions based on that statute's residual clause. *See Davis*, 139 S. Ct. at 2336. Stated differently, the ruling also altered the range of conduct that section 924(c) punishes. *See Id.*

The Supreme Court's decision in another residual-clause case, *Welch v. United States*, 136 S. Ct. 1257 (2016), confirms that the rule announced in *Davis* applies retroactively on collateral review. In *Welch*, the Supreme Court held its ruling in *Samuel Johnson* that the ACCA's residual clause was void for vagueness applied retroactively on collateral review because the rule in *Samuel Johnson* was "substantive." *Welch*, 136 S. Ct. at 1265 ("By striking down the residual clause as void for vagueness, [*Samuel*] *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" (quoting *Schriro*, 542 U.S. at 353)).

The identical reasoning applies to *Davis*'s striking down the residual clause in section 924(c), which, like *Samuel Johnson*'s striking down the ACCA's residual clause, changed the substantive

reach of section 924(c). *See id.* The rule announced in *Davis* is a substantive rule that applies retroactively on collateral review, as three circuits have already held. *See id.*; *see also In re Franklin*, 950 F.3d at 910 (holding that *Davis* announced a substantive rule that is therefore retroactive); *Reece*, 938 F.3d at 635 (same); *Bowen*, 936 F.3d at 1097-98 (same); *Hammoud*, 931 F.3d at 1038-39 (same).

### III.    Alvarez's Claim Is Cognizable Under Section 2255(a)

A petitioner may move to "vacate, set aside or correct" his conviction and sentence under 28 U.S.C. § 2255(a) on the following grounds: "(1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack." *United States v. Wilcox*, 640 F.2d 970, 972-73 (9th Cir. 1981).  If a petitioner's claim is premised on a violation of United States law, on a sentence in excess of the statutory maximum, or on a basis "otherwise subject to collateral attack," the petitioner must also show "a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. at 972-73 (internal citation and quotation marks omitted); *see United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Alvarez's motion fits squarely into the first of these categories because his conviction and sentence were "imposed in violation of the Constitution." 28 U.S.C. § 2255(a). His 60-month sentence was imposed under section 924(c)'s residual clause, the residual clause is "unconstitutionally vague," and imposing conviction and sentence under the residual clause violates the Constitution's guarantee of due process. *See Davis*, 139 S. Ct. at 2336.

### IV.    This Motion Is Timely Under 28 U.S.C. § 2255(f)(3)

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Davis* on June 24, 2019, and Viera filed this motion within a year of that date. As discussed above, the Supreme Court recognized a new right in *Davis*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

///

1    **V.      The Collateral-Attack Waiver in Alvarez's Plea Agreement Is Unenforceable**

2          The government may seek to enforce the collateral-attack waiver in his plea agreement.[3] (*See*

3    ECF No. 404 ¶ 5.) The waiver, however, cannot be enforced here. The Ninth Circuit has announced

4    four situations in which an otherwise-valid collateral-attack waiver may not be enforced: "1) a

5    defendant's guilty plea failed to comply with Fed. R. Crim. P. 11; 2) the sentencing judge informs a

6    defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the

7    plea agreement; or 4) the sentence violates the law." *See United States v. Bibler*, 495 F.3d 621, 624

8    (9th Cir. 2007).[4] Here, Viera's section 924(c) conviction and sentence fall into the last *Bibler*

9    exception because his sentence and conviction violate the law. *See id.*

10          For the purposes of determining whether to enforce a collateral-attack waiver, a sentence

11   "violates the law" if it "exceeds the permissible statutory penalty for the crime or violates the

12   Constitution." *See id.* (citing *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986)). Here,

13   Alvarez's 60-month 924(c) sentence exceeds the permissible statutory penalty and is "illegal." His

14   predicate convictions for RICO and VICAR conspiracy were not crimes of violence, so no sentence

15   could be lawfully imposed for the alleged 924(c) offense. *See id*. Further, he was sentenced under

16   section 924(c)(3)(B)'s unconstitutionally vague residual clause, which also rendered his sentence

17   "illegal" under the last *Bibler* exception. The Ninth Circuit has held exactly this in an appeal raising a

18   constitutional vagueness challenge to a Guidelines sentence. *See United States v. Torres*, 828 F.3d

19   1113, 1125 (9th Cir. 2016) (accepting government's concession that the career-offender guideline's

20   residual clause is unconstitutionally vague; holding that "[t]his renders [the defendant's] sentence

21   'illegal,' and therefore the waiver in his plea agreement does not bar this appeal") (citing *Bibler*, 495

22   F.3d at 624). Accordingly, Alvarez's collateral-attack waiver cannot be enforced. *See Id.*

23          The collateral-attack waiver also cannot be enforced because Alvarez is actually innocent of

24   the section 924(c) conviction and sentence. *See Bowen*, 936 F.3d at 1097 (accepting parties'

25   agreement that § 2255 movant was actually innocent of violating § 924(c) when § 924(c) predicate

26   offense qualified as a crime of violence only under the residual clause). As the Fourth Circuit has

27   held, if a section 2255 movant is "actually innocent" of the offense of conviction, courts cannot

28   enforce a collateral-attack waiver. *See United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016); *see*

*also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A] convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims.").

## VI.   The Court Should Correct Alvarez's Sentence by Entering an Amended Judgment Striking the Unlawful Section 924(c) Conviction and Sentence and Ordering Viera Released for Time Served

If a district court grants a section 2255 motion, the district court has four possible remedies: (1) discharge the petitioner, (2) grant the petitioner a new trial, (3) "correct the sentence," or (4) "resentence him." *See* 28 U.S.C. § 2255(b) (When a district court grants a § 2255 motion, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."); *see also United States v. Mitchell*, 905 F.3d 991, 994 (6th Cir. 2018) (outlining these "four categories of relief" following a successful § 2255 motion). Here, if the Court grants Alvarez's section 2255 motion, there are two relevant forms of relief based on the nature of his claim: to "correct the sentence" or to "resentence him." 28 U.S.C. § 2255(b).

"[Section] 2255(b) allows a district court either to 'resentence' a defendant or to 'correct' his sentence, 'as may appear appropriate.'" *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019). "A district court 'corrects' a defendant's sentence when its action is arithmetical, technical, or mechanical." *Id.* (giving as an example of "correcting" a sentence when a district court "no more than mechanically vacate[s] . . . unlawful convictions (and accompanying sentences)"). A district court may "correct" an illegal sentence under section 2255 without holding a resentencing hearing. *See id.*; *see also Troiano v. United States*, 918 F.3d 1082, 1085-86 (9th Cir.), *cert. denied*, 139 S. Ct. 2729 (2019) (affirming district court's decision to "correct [the] sentence" without any hearing by correcting only the count of conviction with the illegal sentence, while leaving the remainder of the sentencing package intact).   "[T]he usual remedy is to set aside the counts on which illegal convictions were obtained and to leave untouched the valid convictions." *United States v. Barron*, 172 F.3d 1153, 1160 (9th Cir. 1999).   Courts in this district have recently corrected sentences rather than resentencing in directly parallel circumstances. In *United States v. Brown*, Judge Seeborg

reasoned that "[g]iven the straightforward nature of correcting [the defendant's] conviction and sentence—his 18 U.S.C. § 924(c) conviction and sentence can be corrected while leaving the [other count of conviction] intact—there is no need to hold a resentencing hearing." 415 F. Supp. 3d 901, 907 (N.D. Cal. 2019). *United States v. Saeturn*, Case No. 08-cr-00246 CW, ECF No. 276, Order Correcting Sentence, at 2 (N.D. Cal. Mar. 13, 2020) ("Because Saeturn's conviction and sentence under § 924(c)(1) can be corrected while leaving the remaining counts of conviction intact, a resentencing hearing is unnecessary."); *United States v. Cardenas*, Case No. 5:11-cr-00355-EJD-30, 2019 WL 7020193, at *3 (N.D. Cal. Dec. 12, 2019) (Order Granting Defendant's 28 U.S.C. § 2255 Motion to Vacate and Correct Conviction and Sentence) ("[T]here is no need to hold a resentencing hearing because the Court can easily excise the 18 U.S.C. § 924(c) conviction and sentence while leaving the 18 U.S.C. § 924(c) count intact.").

Here too, the other counts of conviction remain intact, so there is no need to hold a resentencing hearing. The Court may correct Viera's sentence by simply entering an amended judgment that strikes his unlawful section 924(c) conviction and attendant 60-month sentence. Alvarez has already served more than the 72 months that the Court imposed on the remaining counts of conviction. (*See* ECF No. 463 (PSR) at 2 (Alvarez has been continuously in federal custody since March 12, 2014); ECF No. 505 at 2 (imposing 72-month term of imprisonment on Counts 1, 3, 8, and 9).) The Court should therefore order that Alvarez be released from Bureau of Prisons custody immediately. *See Brown*, 415 F. Supp. 3d at 907 (ordering defendant's release from the Bureau of Prisons "forthwith"); *Cardenas*, 2019 WL 7020193, at *3 (same); *see also Fay v. Noia*, 372 U.S. 391, 400 (1963) (the writ of habeas corpus has always been "*a swift* and imperative remedy in all cases of illegal restraint or confinement" (emphasis added)).

## CONCLUSION

For the reasons set forth above, Alvarez's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). This Court should therefore grant Alvarez's section 2255 motion, vacate his unlawful section 924(c) conviction and sentence, and correct his sentence to the 72 months imposed on the remaining conviction counts. Because he has

less than 60 months remaining on his sentence, the Court should order his immediate release for time served.

DATED: June 15, 2020                    Respectfully submitted,


                                 By:    /s/_____
                                        ERIK BABCOCK
                                        Attorney for Defendant
                                        EDUARDO ALVAREZ


## VERIFICATION

Pursuant to 28 U.S.C. § 2242 and Rule Governing Section 2255 Proceedings 2(b)(5), I declare under penalty of perjury under the laws of the State of California that the facts alleged in this motion are true and correct to the best of my knowledge, and that this declaration was executed on June 15, 2020 in San Francisco, California.


                                 By:    /s/_____
                                        ERIK BABCOCK
                                        Attorney for Defendant
                                        EDUARDO ALVAREZ

16